# CIRCUIT COURT OF LOUDOUN COUNTY

Kirtley

v.

Kirtley

July 25, 1997

Case No. (Chancery) 17674

BY JUDGE JAMES H. CHAMBLIN

This matter is before the Court on the Complainant's Demurrer to the Defendant's prayer for relief in the Cross-Bill of Complaint requesting that the Court view for equitable distribution purposes the entire period of marriage between the parties, including a prior marriage between these same parties which was terminated by divorce. Upon consideration of the record and of argument of counsel heard July 7, 1997, the Demurrer is sustained for the reasons that follow.

Briefly, the parties to this suit were first married to each other on August 9, 1963. That marriage ended in divorce on July 12, 1982. The same parties then remarried each other on February 5, 1983, and separated in contemplation of divorce on October 25, 1994. The Cross-Complainant, Mrs. Kirtley, now asks the Court to consider the entire period of marriage between the parties, including the prior marriage terminated by divorce, in making its equitable distribution determination pursuant to Virginia Code § 20-107.3. In particular, Mrs. Kirtley asserts that she should be entitled, as a matter of equity, to a share of Mr. Kirtley's military pension based on the period August 9, 1963, to October 25, 1994. Mr. Kirtley contends that, as a matter of law, the Court is without authority to award relief based upon a prior marriage terminated by divorce.

Mrs. Kirtley's argument focuses almost exclusively on the question of fairness, and, certainly, is not without merit. Mrs. Kirtley was, by her account, the glue that held the family together over the years, while Mr. Kirtley's

contributions to the marriage and family were mostly economic. The parties were divorced for only several months and have celebrated their wedding anniversary solely on the date of the original wedding and have otherwise identified 1963 as their wedding date, even after the second marriage. Furthermore, when the first marriage dissolved, Mr. Kirtley's pension was of little value and not subject to equitable distribution. As Mrs. Kirtley points out, "to divide the marriage of these parties into two segments and to ignore the first segment creates enormous inequities." Unfortunately, though, Mrs. Kirtley's argument is not consistent with what the law says must be done, and, needless to say, the Court is bound by the strictures of the law.

Section 20-107.3 of the Virginia Code, in describing that property which is subject to equitable distribution, expressly refers to property earned or acquired "during the marriage." "Marriage" is a singular term and, thus, read literally, refers only to the present marriage between the parties. *See generally* Turner, *Equitable Distribution of Property*, § 5.11 at 177 (2d ed. 1994). No authority has been submitted, nor has the Court found any in the course of its own research, that even suggests that the term "marriage" may be expanded to mean two or more marriages between the same couple or to suggest that two marriages between the same parties be incorporated or merged for equitable distribution purposes into one. In fact, in the only Virginia case found that addresses this issue, even peripherally, Judge Ledbetter of Spotsylvania County opined that "[w]here parties remarry after a divorce, the marital community is not restored, and property acquired by the parties prior to their most recent marriage is separate property even if originally acquired by these same parties during a prior marriage to one another." *Garland v. Garland*, 19 Va. Cir. 131 (1990) (citing, with approval, 24 Am. Jur. 2d, *Divorce & Separation*, § 882 (1983)). Thus, following Judge Ledbetter's reasoning, the property acquired by the Kirtleys during their first marriage became separate property, having been subject to equitable distribution when that marriage ended, and the current marital estate consists of assets acquired during their second marriage only. Hence, the Court may not, for purposes of the present equitable distribution, combine the two marriages and pretend that the parties' intervening divorce never occurred.

Mrs. Kirtley offers the case of *Ringstrom v. Ringstrom*, 428 N.E.2d 743 (Ill. App. 1981), as standing for the proposition that "upon the remarriage of the parties to each other, the prior divorce decree is annulled and rendered void [such that t]he parties are restored to their rights as if they had never been divorced." Be that as it may, the *Ringstrom* case is not applicable to the matter under consideration. As Mrs. Kirtley herself points out, *Ringstrom* deals strictly with the issue of what effect the remarriage of spouses to each

other has on child custody and support provisions of a prior divorce decree, a situation that is clearly distinguishable and not analogous to the present one. Custody and support are ongoing matters following a separation or divorce that are, by necessity, made moot by a subsequent remarriage of the parties. Equitable distribution, however, is typically a one-time award of property acquired during the marriage made upon the dissolution of that marriage. Such an award is a vested right of the recipient and, thus, not rendered moot or voidable by a subsequent marriage between the parties. Therefore, for equitable distribution purposes, the first divorce is not rendered void when the same parties remarry each other; nor does the marital estate at the time of the second divorce encompass assets acquired during the prior marriage. *See generally* Turner, *supra*.

Accordingly, the Court, as a matter of law, is without authority to award relief under Virginia Code § 20-107.3 based upon a prior marriage terminated by divorce. The Court will not, therefore, consider the entire period of marriage between these parties as a single marriage for purposes of equitable distribution. The Complainant's Demurrer is sustained.